UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
------------------------------x
                              :
ROBERT W. JOHNSON             :   Civ. No. 3:22CV00314(SALM)
                              :
v.                            :
                              :
VERA HOUSE, INC. and MARCUS   :
of VERA HOUSE, INC.           :   March 18, 2022
                              :
------------------------------x
```

## INITIAL REVIEW ORDER

Self-represented plaintiff Robert W. Johnson ("plaintiff"), a resident of New York State, filed this action in the District of Connecticut on February 28, 2022. On that same date, he filed a motion to proceed in forma pauperis. See Doc. #2.

The Complaint names two defendants: Vera House, Inc., and Marcus of Vera House, Inc. See Doc. #1 at 1. The Complaint is handwritten on a United States District Court, District of Connecticut, Complaint Form, and consists of two claims. Plaintiff's statement in the Nature of the Case section reads, in its entirety: "I, Robert W. Johnson, was discriminated against by Vera House, Inc. and Marcus of Vera House, Inc. for services that were entitled to Robert W. Johnson." Id. at 2. The claims under the Cause of Action section read, in their entirety:

> **Claim I:** Vera House, Inc. denied Robert W. Johnson services entitled to Robert W. Johnson under New York State law.

1

> ...
>
> **Claim II:** Marcus of Vera House, Inc. denied Robert W. Johnson services entitled to Robert W. Johnson under New York State Law.
>
> Supporting Facts: All records and documents for Robert W. Johnson and Vera House, Inc.

Id. at 3.

I. **Standard of Review**

When a plaintiff files a civil complaint in forma pauperis under 28 U.S.C. §1915, the Court reviews the complaint to determine whether it is sufficient to proceed to service of process. Section 1915 provides that "the court shall dismiss the case at any time if the court determines that[]" the case "fails to state a claim on which relief may be granted[.]" 28 U.S.C. §1915(e)(2)(B)(ii).

Although detailed allegations are not required, a complaint must include sufficient facts to afford a defendant fair notice of the claims and demonstrate a right to relief. See Bell Atlantic v. Twombly, 550 U.S. 544, 555-56 (2007). A plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Id. at 570. Conclusory allegations are not sufficient. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Rule 8 sets forth the general rules of pleading in federal court:

> A pleading that states a claim for relief must contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a). The purpose of Rule 8 "is to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988).

"[W]hile a pro se litigant's pleadings must be construed liberally, ... pro se litigants generally are required to inform themselves regarding procedural rules and to comply with them." Edwards v. I.N.S., 59 F.3d 5, 8 (2d Cir. 1995) (citations omitted). Furthermore, the rationale for affording special solicitude to self-represented litigants is diminished where a self-represented plaintiff has experience with litigation, as this plaintiff does.[1] See Davidson v. Flynn, 32 F.3d 27, 31 (2d Cir. 1994) (concluding that sparse pleadings, typically sufficient to allow leave to amend for a self-represented plaintiff unfamiliar with the legal system, were insufficient for a repeat self-represented litigant). In such cases, "the

---

[1] Plaintiff is well versed in civil litigation, having filed more than 20 cases in this District, and well over 100 in other Districts.

deference usually granted to pro se plaintiffs need not be expansively drawn." Johnson v. Eggersdorf, 8 F. App'x 140, 143 (2d Cir. 2001).

The Court is not only permitted, but required, to dismiss a pending action when the Court finds that it lacks subject matter jurisdiction. See Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). "Where there is a lack of subject matter jurisdiction, dismissal is mandatory." Patterson v. Rodgers, 708 F. Supp. 2d 225, 233 (D. Conn. 2010).

**II.  Discussion**

The Complaint fails to assert any basis for subject matter jurisdiction, and the Court can find none based on its scant allegations. Furthermore, the Court is unable to ascertain any valid legal claim from the face of the Complaint, and cannot expect any defendant to answer the Complaint as written.

"A federal court is obligated to inquire into subject matter jurisdiction sua sponte at the earliest opportunity to determine whether such jurisdiction exists." Gonzalez v. Ocwen Home Loan Servicing, 74 F. Supp. 3d 504, 510 (D. Conn. 2015), aff'd sub nom. Gonzalez v. Deutsche Bank Nat. Tr. Co., 632 F. App'x 32 (2d Cir. 2016). Again, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court

must dismiss the action." Fed. R. Civ. P. 12(h)(3) (emphasis added).

A District Court has subject matter jurisdiction over (1) "all civil actions arising under the Constitution, laws, or treaties of the United States[,]" 28 U.S.C. §1331, and (2) civil actions between diverse parties "where the matter in controversy exceeds the sum or value of $75,000[.]" 28 U.S.C. §1332(a). "[T]he party invoking federal jurisdiction bears the burden of proving facts to establish that jurisdiction." Linardos v. Fortuna, 157 F.3d 945, 947 (2d Cir. 1998).

The Complaint asserts no basis for subject matter jurisdiction. Plaintiff does not bring any claim that would give rise to federal question jurisdiction.[2] Accordingly, the Court does not have federal question jurisdiction over this action. See 28 U.S.C. §1331.

For diversity jurisdiction to apply, the parties must be diverse and the amount in controversy must exceed $75,000. See 28 U.S.C. §1332. Dismissal is appropriate where plaintiff does not allege "diversity of citizenship between [him]self and any of the defendants." Graddy v. Bonsal, 375 F.2d 764, 765 (2d Cir. 1967). Plaintiff asserts that he "is a citizen of New York" and

---

[2] Plaintiff has written "440: Other Civil Rights. Due Process Rights Violations[]" as the basis for jurisdiction. Doc. #1 at 2. This is insufficient to convey federal question jurisdiction.

that "Vera House, Inc. is a citizen of New York[.]" Doc. #1 at 1. Plaintiff makes no allegations about the citizenship of Marcus of Vera House, Inc. However, because plaintiff and defendant Vera House, Inc., are both citizens of New York, plaintiff has not alleged complete diversity of citizenship between himself and the defendants. Accordingly, the Court does not have diversity jurisdiction over this action. See 28 U.S.C. §1332(a)(1).

Because the Court does not have subject matter jurisdiction over the Complaint, "the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

"In the absence of subject matter jurisdiction, the Court need not decide whether the Complaint states any viable claims." Gonzalez, 74 F. Supp. 3d at 518. However, the Court notes that the Complaint also fails utterly to comply with Rule 8. Furthermore, absent any meaningful factual allegations, it fails to state a claim upon which relief may be granted. Plaintiff states only that he was "denied ... services" that he was "entitled to[.]" Doc. #1 at 3. This falls far short of even the modest pleading requirements described by Twombly and Iqbal. Thus, even if the Court had subject matter jurisdiction over this matter, it would be dismissed for failure to state a claim, and for failure to comply with Rule 8.

Accordingly, the Complaint [Doc. #1] is **DISMISSED, without prejudice.**

### III. Conclusion

For the foregoing reasons, the Complaint is **DISMISSED.**

The Clerk is directed to close this case.

If plaintiff wishes to attempt to state a claim upon which relief may be granted, he may file a motion to reopen the case, together with a proposed Amended Complaint, on or before **April 11, 2022.**

It is so ordered this 18th day of March, 2022, at New Haven, Connecticut.

```
      /s/
_____
SARAH A. L. MERRIAM
UNITED STATES DISTRICT JUDGE
```